# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>                    Plaintiff,<br><br>        v.<br><br>FUNK, et al.,<br><br>                    Defendants. | Case No.  1:26-cv-02109-FRS (BAM) (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Denzell Magic Metcalf ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on March 16, 2026, together with a motion to proceed in forma pauperis.  (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Metcalf v. Long Beach Police Dep't*, Case No. 2:15-cv-07918-JAK-AFM (C.D. Cal.) (dismissed on July 19, 2016 for failure to state a claim);

1

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  In the complaint, Plaintiff alleges that on November 7, 2025, at approximately 9:00 p.m., he had a seizure in his cell.  (ECF No. 1, p. 6.)  Plaintiff alleges that despite alerting them to his serious medical need, Defendants failed to provide him with medical attention, failed to provide him with proper medical attention, or failed to properly train their staff in medical emergency situations.  (*Id.*)

Based on the allegations in the complaint, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  At the time of the incident at issue, Plaintiff was housed at Kern Valley State Prison.  Plaintiff is now housed at Salinas Valley State Prison, and there is no indication that he is likely to be transferred back to Kern Valley State Prison.  Furthermore, while Plaintiff alleges that he sustained injuries in the form of continued seizures and headaches, Plaintiff further alleges that he is in the process of getting treated for seizures, indicating that he is now receiving medical care for his condition.

"[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).  Plaintiff is no longer housed at the institution where Defendants are employed, and Plaintiff does not allege that he is in any imminent danger of serious physical injury that is related to the incident raised in the complaint or that could be redressed by the court in this action.

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

---

(2) *Metcalf v. Viapath Tech. Touchpaz Holdings, LLC*, Case No. 1:24-cv-00004-KES-HBK (E.D. Cal.) (dismissed on July 8, 2024 as frivolous and for failure to state a claim); (3) *Metcalf v. Paramount Pictures Corp.*, Case No. 1:24-cv-00015-KES-SAB (E.D. Cal.) (dismissed on July 8, 2024 as frivolous).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2026**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

3